## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FITZGERALD JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-9670** |
| **CHARLES FOTI** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, it is recommended that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Fitzgerald Johnson, is not incarcerated and resides in Slidell, Louisiana.[2]  On November 11, 1998, Johnson was issued a Louisiana Uniform DWI Citation by the Louisiana State Police in Slidell.[3]  The citation charged him with second offense driving while intoxicated, failure to signal, driving while under suspension and with an expired motor vehicle inspection sticker.[4]  He was later charged by bill of information on December 17, 1998, in the Slidell City Court with second offense driving while intoxicated, improper turn, driving under suspension of driver's license and with an expired motor vehicle inspection certificate.[5]

On April 29, 1999, Johnson entered a guilty plea to second offense driving while intoxicated.[6]  He was sentenced to serve six months in jail, which was suspended.  He was placed on two years probation, including special conditions of 30 eight-hour days of community service, successful completion of a driving improvement program, and

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 2 of 2, La. Uniform DWI Citation, 11/11/98.

[4]Id.

[5]St. Rec. Vol. 2 of 2, Bill of Information, 12/17/98.

[6]St. Rec. Vol. 2 of 2, Extract of Minutes, 4/29/99; Acknowledgment of Rights Form, 4/29/99; Disposition Report (driving while intoxicated 2nd offense), 5/4/99.

successful completion of a substance abuse program.[7]  The St. Tammany Parish District

Attorney entered a nolle prosequi as to the each of the remaining counts.[8]

Johnson did not appeal his conviction or seek reconsideration of the sentences.

The conviction therefore became final five days later, on May 4, 1999.[9]  Accord Cousin

v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (recognizing that petitioner's guilty pleas

became final at the end of the five day deadline for filing a notice of appeal under La.

Code Crim. P. art. 914[10]).

On April 20, 2001, the Slidell City Court issued a warrant for Johnson's arrest for

violation of the conditions of his probation.[11]   On September 13, 2001, Johnson's

probation was extended for four months.[12]  At a hearing on April 18, 2002, the city court

---

[7]Id.

[8]St. Rec. Vol. 2 of 2, Extract of Minute Entry, 4/29/99; Disposition Report (driving under suspension), 5/4/99; Disposition Report(expired inspection certificate), 5/4/99; Disposition Report (improper turning), 5/4/99; Plea and Sentencing Minutes, 1/7/04.

[9]A Louisiana criminal defendant must move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914. The defendant may file a motion to reconsider the sentence within 30 days following the imposition of sentence or at a time set by the trial court. La. Code Crim. P. art. 881.1. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985).

[10]La. Code Crim. P. art. 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[11]St. Rec. Vol. 2 of 2, Warrant For Arrest, 4/20/01.

[12]St. Rec. Vol. 1 of 2, Physical File Contents, Entry No. 5; St. Rec. Vol. 2 of 2, Disposition Report (driving while intoxicated 2nd offense), 9/13/01.

again extended the probation through October 10, 2002.[13]  Johnson was again called for a hearing on November 14, 2002, at which time his probation was revoked and he was sentenced to serve the original six-month sentence in the Slidell city jail.[14]

More than three and one-half years later, on June 6, 2006, Johnson filed a motion with the Slidell City Court seeking leave to file an out-of-time appeal from his 1999 conviction for second offense driving while intoxicated.[15]  In the motion, he alleged the following grounds for the proposed untimely appeal:   (1) The guilty plea was involuntary.  (2) Ineffective assistance of counsel led to the revocation of his probation.  (3) The prosecutor improperly used an out-of-state conviction to charge the second offense driving while intoxicated.  (4) The revocation of probation was unlawful. (5) The revocation proceedings held after expiration of the probation period were unlawful. (6) The revocation hearing was untimely after his arrest. (7) He did not voluntarily waive his right to appeal.  (8) He received an illegal sentence.  (9) He was unlawfully deprived

---

[13]St. Rec. Vol. 1 of 2, Physical File Contents, Entry Nos. 3 and 4; St. Rec. Vol. 2 of 2, Copy of "Changing a Chronology Record" Screen, 5/23/02; Summons, 2/14/02.

[14]St. Rec. Vol. 2 of 2, Copy of "Changing a Chronology Record" Screen, 1/24/07; Summons, 10/11/02.

[15]St. Rec. Vol. 1of 1, Request Leave to Appeal Out-of-Time, 6/6/06 (signed 6/3/06).

of property through untimely assessment of fines and fees.  The city court judge denied the motion without reasons on June 9, 2006.[16]

On December 27, 2006, Johnson filed into the instant case a pleading entitled "Proof of Exhaustion."[17]  Johnson therein refers this court to exhibits attached to the motion for partial summary judgment and the amended complaint filed in his civil rights case entitled Johnson v. Drennan, Civ. Action No. 06-6113 c/w 04-1851"A"(5), pending before another section of this court.[18]

The referenced exhibits demonstrate that on June 19, 2006, Johnson sought review in the Louisiana First Circuit Court of Appeal of the city court's order denying leave to file an out-of-time appeal.[19]  The court denied the writ application finding no error in the trial court's ruling because Johnson's claims were untimely under La. Code Crim. P. art. 930.8.[20]

---

[16]St. Rec. Vol. 1of 2, Trial Court Order, 6/9/06.

[17]Rec. Doc. No. 7.

[18]See Civ. Action No. 06-6113"A"(5), Rec. Doc. Nos. 9 (motion for partial summary judgment) and 27 (amended complaint).

[19]See Civ. Action No. 06-6113"A"(5), Rec. Doc. No. 9 (motion for partial summary judgment), p. 7 (1st Cir. Order, 2006-KW-1258, 8/21/06).  The filing date of that writ application was obtained from the office of the clerk for the Louisiana First Circuit.

[20]At the time of Johnson's conviction, La. Code Crim. P. art. 930.8 provided a three-year period for a defendant to file for post-conviction relief in the state courts.

The exhibits also show that Johnson attempted to seek review of that ruling in the Louisiana Supreme Court on August 21, 2006.[21]  The application was, however, returned to him on September 22, 2006, without filing for failure to include a copy of the appellate court's judgment.[22]

Johnson apparently resubmitted his writ application to the Louisiana Supreme Court on September 11, 2006.[23]  Again, his papers were returned to him unfiled on October 3, 2006, for failure to include the district court and appellate court judgments and other lower court pleadings as required by La. Sup. Ct. R. X §2.[24]  Johnson currently has no writ applications pending in the Louisiana Supreme Court.[25]

---

[21]See Civ. Action No. 06-6113"A"(5), Rec. Doc. No. 27 (amended complaint), part 2, p. 8 (La. S. Ct. Letter, 9/22/06).

[22]Id.

[23]Rec. Doc. No. 1, p. 16, La. S. Ct. Letter, 10/3/06.

[24]La. Sup. Ct. R. X§2(a) provides:
An application for any writ, and all documents and exhibits in connection therewith, shall be filed in duplicate with the clerk of this court, and will not be considered by the court or by any member of the court unless it is so filed with and regularly allotted by the clerk. Seven additional copies of the application shall be filed, except that additional copies are not required for pro se writs in criminal matters. The additional copies shall include the trial court's judgment and reasons for judgment, if the reasons were written or transcribed, and the court of appeal opinion, if any, and may also include any other pleadings or exhibits attached to the original and duplicate.

[25]Staff of the undersigned magistrate judge contacted the office of the Clerk of Court of the Louisiana Supreme Court and were advised that Johnson has no pending writ applications in that court.

II.     <u>FEDERAL HABEAS PETITION</u>

On November 17, 2007, Johnson filed a petition for federal habeas corpus relief in this court raising the following grounds for relief:[26]  (1) He has been denied review of the Louisiana First Circuit's 2006 denial of his writ application. (2) He has been denied review and appeal of the guilty plea and revocation of probation without notice and waiver because of ineffective assistance of counsel. (3) He has been denied access to court documents without cost. (4) He was denied due process in the revocation of probation after the term of probation ended.

The State alleges in its answer and memorandum in opposition to the petition that this court lacks jurisdiction over the petition because Johnson is <u>not</u> in custody on this conviction.[27]  The State also argues that Johnson's petition is not timely filed and that he has failed to exhaust state court remedies.

III.    <u>STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[26]Rec. Doc. No. 1.

[27]Rec. Doc. No. 12 and 13.

7

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[28] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Johnson's petition which, for the reasons discussed below, is deemed filed on October 14, 2006.[29]

The threshold questions in habeas review under the amended statute are whether the petitioner is in custody, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In the instant case, the State alleges that Johnson has failed to exhaust available state court remedies, the petition is untimely filed and he is not in custody for purposes

---

[28]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Johnson's petition on November 17, 2006. However, Johnson dated his signature on the petition on October 14, 2006. This is the earliest date on which he could have submitted the documents to prison officials for mailing.

of seeking federal habeas corpus relief.  The state court record provided to this court is apparently not a complete copy of the criminal proceedings before the Slidell City Court or the state appellate court.  The record provided by the State is not, therefore, sufficient for this court to evaluate the timeliness of the petition in light of the statutory tolling provisions in 28 U.S.C. § 2244.  However, the record and pleadings before the court are sufficient to address the exhaustion and custody issues.

## IV.    SUBJECT MATTER JURISDICTION

On April 29, 1999, the Slidell City Court sentenced Johnson to serve six months after his plea of guilty to second offense driving while intoxicated.  The City Court suspended the sentence and placed Johnson on two years probation.  After several hearings, on November 14, 2002, the court revoked Johnson's probation and ordered that he serve the six month sentence in the Slidell city jail.  At the time of the filing of the instant petition, Johnson was not incarcerated and was residing in Picayune, Mississippi.[30]

To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies.  Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).  28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in

---

[30]Rec. Doc. No. 1, p. 1, where Johnson indicated the "Place of Confinement" as "N/A."

custody in violation of the Constitution or laws or treaties of the United States.'" Maleng
v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added);
28 U.S.C. § 2254(a).

Whether a petitioner is "in custody" is determined as of the date on which the
habeas petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee,
391 U.S. 234, 238 (1968); Port v. Heard, 764 F.2d 423, 425 (5th Cir. 1985). When the
jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not
defeated by the petitioner's subsequent release from custody. Carafas, 391 U.S. at 238;
Port, 764 F.2d at 425.

Johnson's petition was deemed filed in this court under the "mailbox rule" on
October 14, 2006. At that time, he was not in custody for the conviction being
challenged herein. Since he was returned to jail on November 14, 2002, as set forth
above, his sentence without credit for time served would have expired on May 14, 2003.
In addition, Johnson's pleadings indicate that he was not confined in a prison facility at
the time of the filing of this petition.

Thus, at the time of filing on October 14, 2006, Johnson was not in custody
pursuant to, or for purposes of challenging, the 1999 conviction for second offense
driving while intoxicated or the 2002 revocation of his probation. This court, therefore,
lacks jurisdiction to review his petition and the petition must be dismissed.

10

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the petition of Fitzgerald Johnson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___19th___ day of March, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

11